UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

MILLENIA PRODUCTIONS, LLC,
a Kansas Limited Liability Company;

    Plaintiff,

vs.

POSH BEAUTY CARE LLC and POSH
BEAUTY DISTRIBUTOR LLC;

    Defendants.

Case No.
**JURY TRIAL DEMANDED**

# COMPLAINT

Plaintiff Millenia Productions, LLC ("Millenia") states the following for its Complaint against Posh Beauty Care LLC and Posh Beauty Distributor LLC (collectively "Posh"):

## PARTIES

1. Millenia is a Kansas Limited Liability Company located in Wichita, Kansas with its principal place of business at 3819 N. Toben Street, Wichita, Kansas 67226. There are two members of Millenia, both of whom are residents and citizens of the State of Kansas, residing in Wichita, Kansas.

2. Millenia is in the business of designing, manufacturing, distributing, promoting, and otherwise supplying a wide range of products for the manicure, pedicure, and health and beauty trade.

3. Millenia distributes its products throughout the United States, including the state of Missouri and the Kansas City metropolitan area.

4. Posh Beauty Care LLC ("Posh BC" or "Defendant 1") is a Texas Limited Liability Company with a mailing address at and its principal place of business at 1409 S. Jupiter Road,

1

Garland, TX 75402-7716. Posh Beauty Supply Distributor LLC ("Posh BSD" or Defendant 2") is a Texas Limited Liability Company, also with a mailing address and principal place of business at 1409 S. Jupiter Road, Garland, TX 75042-7716. (Referred to collectively as "Defendants").

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants because (a) Defendants have marketed, distributed, offered for sale, and/or sold the products to persons within the Western District of the state of Missouri; (b) Regularly transact and conducts business within the Western District of the state of Missouri; and/or (c) Have purposefully availed themselves to the jurisdiction of the Western District of the state of Missouri or otherwise made or established business within the Western District of the state of Missouri sufficient to permit the exercise of personal jurisdiction. A copy of the receipt for the purchase of infringing Defendants products from Quality Beauty Nail Supply, located at 3030 E Truman Road, Kansas City, Missouri 64127, demonstrates that Defendants are actively engaged in business within the Western District of the state of Missouri.



*Picture of Defendants Products Purchased on October 9, 2025
at Quality Beauty Nail Supply in Kansas City, Missouri*



*Scanned Copy of Receipt of Purchase on October 9, 2025
from Quality Beauty Nail Supply in Kansas City, Missouri*

6. As a result, this Court has subject matter jurisdiction over Defendants as this case arises (a) pursuant to the U.S. Copyright Act, 17 U.S.C. §101 et seq., and 28 U.S.C. §1338(a), which vests jurisdiction to the Federal District Courts over copyright matters; (b) pursuant to the Trademark Act (Lanham Act) 15 U.S.C. §1051 et seq., and 28 U.S.C. §1338(a) which vests jurisdiction to the Federal District Courts over actions relating to trademarks; and (c) 15 U.S.C. §1125(a) for false designation of origin and unfair competition which vests jurisdiction to the Federal District Courts over actions relating to trademark; and (d) general federal jurisdiction pursuant to 28 U.S.C. §1331.

7. In the alternative, this Court has subject matter jurisdiction over this case as it arises from a dispute between citizens of different states in which the amount in controversy is more than $75,000 pursuant to 28 U.S.C. §1332(a)(1).

8. This Court provides a proper venue for this case pursuant to 28 U.S.C. §1400 which provides venue over any civil action arising under any Act of Congress relating to copyrights in the district in which the defendant or his agent resides or may be found. Because Defendants have published infringing material on their website, social media, and packaging which infringes Plaintiff's copyrights, Defendants have committed a tortious act in the State, have caused injury in this State that has impacted in the Missouri market, and have displayed published infringing materials in this State and this District, the Defendants can be "found" in this District. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) and 28 U.S.C. §1391(c)(2).

## BACKGROUND

9. As briefly noted above, Millenia is a recognized leader in the specialized field of cosmetics for hand, foot, and nail care products.

10. For more than 30 years, Millenia has worked hard to carefully craft a foothold in the cosmetic industry, and now serves professional manicurists, nail salons, and their patrons all over the globe.

11. Millenia's customers are distributors who sell cosmetic products "to the trade," namely hair salons, manicure, pedicure, and other professionals who perform health and beauty services. As a result, Millenia's primary customers are these distributors.

12. However, the distributors – who recognize the quality and consistency of Millenia's products - describe the products to "end-users" (their clients) when the salon provides services. As a result, customers often request, or express a preference, Millenia's products when they visit a salon.

13. The trademark identity, and the presentation of the packaging used to identify the source of the product, is extremely important, because those features associate Millenia's product to the distributors and the end users.

14. One of the ways Millenia has generated its success is through its established and respected trade name (or "house brand"), La Palm Spa Products ("La Palm").

15. Through La Palm, Millenia launched a highly successful multi-step bath treatment product line named COLLAGENSPA, in 2018.

16. COLLAGENSPA's six-step, luxury manicure and pedicure treatment utilizes collagen, vitamins, and serum to provide clients with a sanitary, effective, and efficient product for cleansing, massaging, softening and soothing feet, hands, and nails.

17. Since 2018, Millenia has engaged in extensive marketing of Millenia, including expending time and substantial resources on social media campaigns, trade show demonstrations, and particularly, carefully crafted packaging, which has resulted in allowing the COLLAGENSPA brand to achieve secondary meaning in the marketplace.

18. In support of the substantial time and resources noted above, Millenia has invested and worked hard to protect its brand and owns over 15 registered trademarks associated with its many products, including COLLAGENSPA.

19. In the recognizing the success of Millenia with COLLAGENSPA, Defendants have decided to take a short cut to success by imitating Millenia's trademark, the look and feel of its product's products packaging, and otherwise "knocking off" COLLAGENSPA with a product called "ULTRA COLLAGEN" in order to enjoy the reputation and goodwill that Millenia has built but that Defendants have not earned.

## INTELLECTUAL PROPERTY ASSETS INFRINGED

20. Millenia is the registrant of the COLLAGENSPA® mark for "Non-medicated pedicure and manicure preparations, namely, bubble bath crystals, sugar scrubs, cream masks, gels and massage lotions" in International Class 003. *See*, U.S. Registration 5,759,575 ("the '575 Reg.") as well as U.S. Registration 7,954,618 ("the '618 Reg."), which was recently registered on the Principal Register of the United States Patent and Trademark Office on September 23, 2025. *See* attached to this Complaint as Exhibits A and B.

21. COLLAGENSPA is a distinctive trademark associated with Millenia's pedicure foot bath and other pedicure preparations. The mark has been in use since at least July of 2018, and the '618 Reg. recognizes that Millenia's COLLAGENSPA mark has a secondary meaning in the marketplace thereby forming a connection between the trademark term, COLLAGENSPA, the consuming public, the product, and its source: Millenia.

22. Millenia is also the Registrant of HONEY PEARL®, U.S. Registration 6,183,686 ("the '686 Reg.") on the Principal Register (effectively superseding Registration 5,759,575). HONEY PEARL has been in use in association with Millenia's footbath products since at least January of 2016, and it has been associated with the COLLAGENSPA line of footbaths since at least July of 2018.

23. Furthermore, Millenia is the owner of Registered U.S. Copyright VA 2-425-634 for COLLAGENSPA – LAVENDER & LACE, Registered U.S. Copyright VA 2-425-632 for COLLAGENSPA – LEMON SPLASH, Registered U.S. Copyright VA 2-426-183 for COLLAGENSPA – MILK & HONEY, and Registered U.S. Copyright VA 2-426-124 for COLLAGENSPA – SWEET ORANGE. The artwork on Millenia's packaging is original to Millenia and the copyright is owned by Millenia. *See* copyright certificates attached to this Complaint as Exhibits C-F.

24. Pictures of Millenia's original artwork, including the registered works described above, are provided in Exhibit G (1) through (11), attached.

25. The COLLAGENSPA product also carries as part of its packaging distinctive common law trade dress, which has been misappropriated by the Defendants. For example, a close-up picture of the COLLAGENSPA box and Defendants' ULTRA COLLAGEN for the parties' lemon varietals are presented below:



26. Additional varietals of the two products are also strikingly similar:






27. The copyright infringements described above (and as further discussed below) constitute an infringement pursuant to 17 U.S.C. §501(b) along with the available remedies of 17 U.S.C. §412, §502, 503, and 504(b).

28. Furthermore, the packaging of Defendants' product misappropriates Millenia's COLLAGENSPA common law trade dress elements, including the script/italicized name of the specific product flavor (orange, lemon, etc.) are presented in the same style and script font, also the graphic lines and the presentation of the words ULTRA COLLAGEN seem to be designed to

look as much like COLLAGENSPA as possible. Other features used by Defendants - such as the placement of graphic lines and spacing - render the appearance of ULTRA COLLAGEN similar to Millenia's COLLAGENSPA. These graphic elements are associated with Millenia and have a secondary meaning in the market creating a connection between the trade dress, the product, the consuming public, the product and its source, Millenia, and therefore constitute common law trade dress that Defendants have misappropriated to support its knock-off version of COLLAGENSPA.

29. The artwork presented by ULTRA COLLAGEN on many of its varietals is - in many cases – an exact copy of key elements of Millenia's original creative work.

30. Notwithstanding the above, Defendants' scheme is not merely a matter of confusing packaging; it is a direct economic attack on COLLAGENSPA's brand quality and reputation.

31. Millenia's genuine, salon-quality product is presently sold at a manufacturer's suggested retail price of $4.50 per unit.

32. Defendants, however, are selling the infringing and intentionally confusing product for $2.00 per unit.

33. The above use of Millenia's artwork and trademarks, coupled with a dramatically lower price point, has the immediate and intended impact of confusing customers and destroying the market for Millenia's COLLAGENSPA products.

34. Defendants are not just improperly leveraging Millenia's name, they are actively diminishing the very value Millenia worked so hard to establish and intentionally attracting Millenia's dedicated customers to a cheaper, counterfeit alternative.

35. On October 21, 2024, Millenia's counsel sent formal legal notice via a cease-and-desist letter to Defendants' registered agent, detailing the seriousness of the violations across Millenia's copyrights, trade dress, and trademarks discussed above. A true and correct copy of Millenia's cease-and-desist letter to Defendants is attached hereto as Exhibit H.

36. On November 5, 2024, Defendants issued a response, expressly acknowledging the gravity of Millenia's claims. A true and correct copy of Defendants' response to Millenia's Cease and Desist letter is attached hereto as Exhibit I.

37. Within that correspondence, Defendants offered a purported assurance that Defendants were committed to resolution and assured Plaintiff's counsel that "my client is no longer producing the packaging in question and is already in the process of redesigning its packages for future production."

38. Unfortunately, even as recently as October 20, 2025, Millenia continues to find pervasive infringing packaging.

**FIRST CLAIM FOR RELIEF**
*Federal Trademark Infringement*
**15 U.S.C. §1051 et seq. and 28 U.S.C. §1114(a) and (b)**

39. Millenia incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

40. Defendants' intentional use of a confusingly similar imitation of Millenia's COLLAGENSPA® as represented by the '618 Reg. is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Millenia, or are associated or connected with Millenia, or have the sponsorship, endorsement, or approval of Millenia.

41. As evidenced by the receipts demonstrating purchase of actual product in this District, as well as active advertisement of the infringing product blatantly presenting the infringing trademark term, Defendants have used in commerce reproductions, counterfeits, copies, and colorable imitations of Millenia's federally registered COLLAGENSPA® trademark in connection with the sale, offering for sale, distribution, and advertising of goods in a manner likely to cause confusion,

mistake, or deception among consumers as to the source, sponsorship, or affiliation of Defendants' goods.

42. Millenia is also the owner of the trademark term, HONEY PEARL® - the '686 Reg. - which is a heavily popular and favored varietal of COLLAGENSPA, as well as the largest varietal in the COLLAGENSPA line.

43. Defendants have blatantly and wrongfully misappropriated the exact same term - HONEY PEARL - which is a direct and exact copy of Millenia's HONEY PEARL® mark. As a result, confusion in the marketplace as to the source of HONEY PEARL® is not just likely, it is inevitable.

44. Defendants' acts constitute infringement of Millenia's registered trademark under Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a) and (b).

45. Defendants' infringement has been willful and intentional, undertaken with knowledge of Millenia's rights and with the intent to trade upon Millenia's reputation and goodwill, causing irreparable harm to Millenia's business, reputation, and goodwill for which there is no adequate remedy at law.

46. Millenia is further entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116(a), prohibiting Defendants from continued use of any confusingly similar marks or packaging, and requiring destruction of infringing materials pursuant to 15 U.S.C. §1118.

47. Furthermore, because this was a known and intentional trademark infringement committed maliciously even after counsel for Millenia wrote to counsel for Defendants and was assured by Defendants' counsel that the infringing activity would stop, Defendants have now shamelessly breached their promise and have continued and broadened this serious infringement. As a result, this case presents an extraordinary case justifying the reward of attorney's fees to Millenia pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
*Copyright Infringement*
**17 U.S.C. §504(a) and (b)**

48. Millenia incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

49. Millenia is the sole and exclusive owner of all rights, title, and interest in and to the original visual artwork for its COLLAGENSPA product line, including but not limited to the works registered with the United States Copyright Office discussed below.

50. Millenia has attached hereto copies of U.S. Copyright Certificate VA 2-425-634 for the original visual artwork COLLAGENSPA – LAVENDER & LACE and U.S. Copyright Certificate VA 2-425-632 for the original visual artwork COLLAGENSPA – LEMON SPLASH.

51. As noted above, Millenia is also the owner of Registered U.S. Copyright VA 2-426-183 for COLLAGENSPA – MILK & HONEY and Registered U.S. Copyright VA 2-426-124 for COLLAGENSPA – SWEET ORANGE.

52. These works constitute original works of authorship fixed in a tangible medium of expression.

53. Millenia's copyright registrations are valid, subsisting, and were duly issued by the U.S. Copyright Office prior to Defendants' intentional acts of infringement.

54. The Defendants' varietals of ULTRA COLLAGEN covered by the attached registrations are copyright infringements of Millenia's copyrights in those artworks, as the ULTRA COLLAGEN boxes incorporate large parts of the copyrighted work.

55. Defendants had access to the copyrighted work as these works were well known and highly visible in the marketplace. The artwork on the ULTRA COLLAGEN packaging are obvious copies of Millenia's original artwork and constitute copyright infringement as a matter of law. There is

no way that Defendants could have "accidentally" chosen the artwork elements it is using, which in many cases are exact copies of the Millenia elements.

56. Without authorization or consent from Millenia, Defendants intentionally copied, reproduced, displayed, distributed, and used substantial portions of Millenia's copyrighted visual artwork in connection with Defendants' ULTRA COLLAGEN product packaging. Such copying constitutes the unauthorized reproduction, preparation of derivative works, and display of Millenia's copyrighted works.

57. As a direct and proximate result of Defendants' infringing conduct, Millenia has suffered and will continue to suffer substantial damages, including but not limited to lost sales, diminution of the value of its copyrighted works, and injury to its business reputation and goodwill.

### THIRD CLAIM FOR RELIEF
*Unfair and Deceptive Business Practices*
**15 U.S.C. §1125(a)**

58. Millenia incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

59. Defendants have engaged in unfair methods of competition and deceptive acts and practices in the conduct of trade or commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60. Specifically, Defendants have intentionally misrepresented the source, sponsorship, and affiliation of their ULTRA COLLAGEN products, falsely suggesting an association or approval by Millenia, and have used packaging, trade dress, and visual artwork confusingly similar to Millenia's COLLAGENSPA products.

61. Furthermore, as evidenced by on-going advertising efforts to promote ULTRA COLLAGEN, Defendants are imitating Millenia's aesthetic look and feel, mimicking its trademarks and artwork, echoing Millenia's graphics and otherwise "knocking off" Millenia's

COLLAGENSPA product and then selling its inferior and cheaper product at a very low cost. This has the impact of confusing customers, and when customers mistakenly purchase the ULTRA COLLAGEN product, consumers are likely to attribute the inferior qualities of ULTRA COLLAGEN to COLLAGENSPA, thus resulting in product disparagement of Millenia's product.

62. Given the extent of the copying, the insidious use of Millenia's artwork and trademark terms, and the bargain basement prices being charged by Defendants, this is a classic case in which the knock off is not only improperly leveraging COLLAGENSPA's name and reputation, but is also undermining the market for COLLAGENSPA by equating its inferior product with COLLAGENSPA and suggesting that the inferior attributes of ULTRA COLLAGEN inhere in the COLLAGENSPA market.

63. Such conduct constitutes a false designation of origin and false or misleading description and representation of fact that is likely to cause confusion and deceive consumers into believing that Defendants' products are associated with, sponsored by, or endorsed by Millenia.

64. As a direct and proximate result of Defendants' unfair and deceptive practices, Millenia has suffered and will continue to suffer substantial damages, including lost profits, loss of goodwill, and injury to reputation, for which Millenia is entitled to recover compensatory, punitive, and treble damages, together with costs and attorneys' fees as permitted by law.

**FOURTH CLAIM FOR RELIEF**
*Unfair Competition (Passing Off)*
**Missouri Common Law**

65. Millenia incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

66. Defendants' actions constitute common law unfair competition under Missouri law, specifically the tort of passing off, as recognized in *American Equity Mortgage, Inc. v. Vinson*, 371 S.W.3d 62 (Mo. Ct. App. 2012), and the *Restatement (Third) of Unfair Competition* §§ 1–4.

67. Under Missouri law, a party is subject to liability for harm to another's commercial relations if, in the course of marketing goods or services, the party makes representations that are likely to deceive or mislead the prospective purchasers by causing the mistaken belief that (1) the defendant's business is the business of the plaintiff, (2) the defendant is the agent of the plaintiff, or (3) the goods the defendant markets are produced, sponsored, or approved by the plaintiff. *See American Equity Mortgage, Inc. v. Vinson*, 371 S.W.3d at 64–65 (citing Restatement (Third) of Unfair Competition § 4).

68. Defendants have intentionally and deceptively marketed, distributed, and sold their products using names, trade dress, artwork, and packaging in a confusingly similar manner to Millenia's well-known COLLAGENSPA® product line, thereby misleading consumers and the trade into believing that Defendants' goods originate from, are affiliated with, or are approved by Millenia.

69. The ULTRA COLLAGEN packaging copies key design elements, typography, and layout distinctive to Millenia's COLLAGENSPA® trade dress, and Defendants' use of Millenia's varietal name HONEY PEARL® further compounds confusion in the marketplace. Such conduct is likely to cause confusion, mistake, and deception among distributors, salons, and end consumers.

70. Missouri courts apply the same "likelihood of confusion" standard used in federal trademark infringement analysis to claims of unfair competition under state common law. *Community of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1010 (8th Cir. 2011) (holding that "the same facts which support a suit for trademark infringement support a suit for unfair competition and common law infringement" (internal citations omitted)).

71. Accordingly, the same facts that support Millenia's federal trademark infringement claim under 15 U.S.C. §1125(a) support this common law passing off claim under Missouri law.

15

72. Defendants' deliberate use of Millenia's distinctive marks, trade dress, and product identity was undertaken willfully and in bad faith, for the purpose of diverting Millenia's customers and unlawfully appropriating Millenia's goodwill and reputation for their own commercial gain.

73. As a direct and proximate cause of Defendants' conduct, Millenia has suffered and continues to suffer damages including lost sales, loss of goodwill, and injury to reputation. Millenia is entitled to recover compensatory damages and, due to Defendants' willful and malicious conduct, punitive damages as permitted under Missouri law.

### FIFTH CLAIM FOR RELIEF
*Intentional Trademark Infringement Rendering this Action an "Extraordinary Claim"*
**15 U.S.C. §1117(a)**

74. Millenia incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

75. Defendants' conduct constitutes willful, deliberate, and malicious infringement of Millenia's federally registered trademarks, undertaken with actual knowledge of Millenia's rights and with the intent to profit from Millenia's established goodwill.

76. Defendants' infringement does not merely imitate, but rather blatantly and wrongfully misappropriates Millenia's exact registered trademarks, as well as Millenia's trade dress as a direct effort to deceive the public customer base and profit from the same through its predatory pricing.

77. Defendants' infringement occurred notwithstanding (a) prior notice of Millenia's registered rights; (b) assurances from Defendants' counsel that infringement would cease; and (c) ongoing sales and marketing activities that deliberately replicated Millenia's trade dress, artwork, and trademarked terms.

78. Defendants' behavior, marked by a calculated scheme of blatantly copying, economic warfare through aggressive underpricing, and subjective bad faith in providing false assurances

while continuing infringing sales, is precisely the manner of conduct that stands out to warrant this matter an "exceptional case" under 15 U.S.C. §1117(a).

79. In light of the same, the imposition of enhanced damages, including treble damages and attorney's fees are warranted.

80. Millenia further requests that the Court exercise its equitable powers to grant injunctive relief, order the destruction of all infringing goods and promotional materials pursuant to 15 U.S.C. §1118, and award punitive damages consistent with the malicious and intentional nature of Defendants' conduct.

## PRAYER FOR RELIEF

WHEREFORE, Millenia prays that this Court enter a judgment in its favor and against Defendants as follows:

1. Determine and declare that Defendants' use of the term ULTRA COLLAGEN is an infringement of Plaintiff's registered mark COLLAGENSPA® in violation of 15 U.S.C. § 1114;

2. Determine and declare that Defendants' use of the term HONEY PEARL is an infringement of Plaintiff's registered mark HONEY PEARL® in violation of 15 U.S.C. § 1114;

3. Determine and declare that Defendants are committing a copyright infringement of Millenia's original artwork;

4. Determine and declare that Defendants' use of Millenia's packaging constitutes a common law infringement of Millenia's trade dress (pursuant to Missouri law and in all states in which Defendants are selling the infringing products);

5. Determine and declare that Defendants are engaged in unfair business practices under 15 U.S.C. §1125(a) and Missouri law;

6. Determine that Defendants' behavior constitutes an intentional trademark infringement, an intentional copyright infringement, and intentional trade dress infringements and that all three infringing activities are being done knowingly, persistently, and in purposeful, malicious, and purposeful disregard for Millenia's intellectual property rights, thus resulting in a determination that this is an "extraordinary case" meriting an award of reasonable attorney's fees against Defendants;

7. Awarding Millenia all damages caused by the acts that form the basis of this Complaint, including profits obtained by Defendants and all actual losses to Millenia;

8. Enjoining Defendants from using the Infringing Products, including:

    a. Advertising, marketing, promoting, offering for sale, distributing or selling the Infringing Products;

    b. Using the term COLLAGENSPA or the word "COLLAGEN" as part of a product name in connection with any of Defendants' goods as well as any other term that includes the consecutive letters C-O-L-L-A-G-E-N or its homophonic equivalents;

    c. Using the term HONEY PEARL or any variation thereof, including PEARL HONEY or any use of either HONEY or PEARL as a trademark term or name of a varietal of any of Defendants' products.

    d. Using any name, image, logo or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of any of Millenia's trademarks, names or logos or that serve as a symbol for COLLAGEN or COLLAGENSPA;

    e. Using any name, image, logo or source designation of any kind or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation,

18

or simulation of any of Millenia's trademarks, names or logos or that serve as a symbol for HONEY PEARL;

    f. Using any name, logo or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception or public misunderstanding that such goods or services are produced or provided by Millenia, or are sponsored or authorized by Millenia, or are in any way connected or related to passing off, palming off, or assisting in passing or palming off Defendants' goods as those of Millenia, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

9. Ordering Defendants to cease offering for sale, marketing, promoting, and selling and to recall all Infringing Products or any other goods bearing the term COLLAGEN, COLLAGENSPA, HONEY PEARL, or any of Defendants' products that copy of any of Millenia's artwork;

10. Ordering Defendants at their expense to retain a certifying third-party that meets the approval of Millenia to arrange for, supervise, and cause the impoundment and destruction of all goods, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials or any other materials in possession, custody or control of Defendants that are found to infringe any of Millenia's trademarks or unfairly compete with Millenia;

11. Compelling Defendants to provide a complete accounting of any and all sales and profits derived by Defendants from the sale or distribution of the Infringing Products; and

12. Awarding Millenia any such other relief this Court deems proper and just under the circumstances.

DATED this 20th day of October 2025.

Respectfully submitted,

KENNYHERTZ PERRY, LLC

/s/ Arthur Chaykin
_____
Arthur Chaykin (Ks. Bar No. 42110)
Seth McCauley (Ks. Bar No. 30780)
2000 Shawnee Mission Parkway, Suite 210
Mission Woods, KS 66205
Phone: (816) 527-9447
Fax: (855) 844-2914
arthur@kennyhertzperry.com
seth.mccauley@kennyhertzperry.com

**ATTORNEYS FOR PLAINTIFF
MILLENIA PRODUCTIONS, LLC**